SEWARD *v.* VAN WYCK, 8 Cow. 406–450.

In S. Ct. 5 Cow. 70–73.

*Fraudulent Conveyance ; Defective Verdict.*

</div>

EJECTMENT by a purchaser under execution against Seward, defendant below. The facts of the case were as follows :

Seward, the father, held the lands as owner in fee, at the time of the deed to his son, the defendant below. He had previously guarantied the payment of a certain judgment against S., who himself had lands bound by the judgment, which at a fair valuation, might well be thought sufficient to pay the judgment. Seward the father then disposed of all his real estate, by giving to his son a full covenant deed, and taking a bond to himself for an annuity for his life ; and the son, also in consideration of the deed, gave separate bonds to two of his sisters for their portions, after which the property of S., the debtor in the judgment guarantied by the father, was exhausted by execution, and proved insufficient to pay the judgment against him. The father was then sued upon his guaranty, and judgment obtained against him, on which execution issued, and the real estate thus conveyed

to his son was sold under it to the plaintiff below. On the trial, ·the jury found a verdict negativing all actual fraud. But

The Supreme Court held that "the conveyance by way of advancement to the son and daughters was fraudulent in law and void. That such a voluntary settlement or conveyance by way of advancement of children after marriage by a person indebted at the time, is fraudulent and void against all his creditors who were such, prior to the settlement or advancement, without regard to the amount of their debts, or the extent of the property settled, or the circumstances of the person, making the settlement or advancement; that this rule applied to a debt due from a person as guarantor; though it be contingent till after the settlement, and though it be such a debt at the time, as could not be proved under an English commission of bankruptcy, or our own insolvent acts." The court *seem* to hold that as to debts contracted subsequently, the presumption of fraud arising in law, may be repelled by circumstances.

The doctrine in *Reade* v. *Livingston*, (3 J. C. R. 481,) considered, and held to apply to courts of law. On error,

The Court of Errors reversed the judgment; Stebbins, Spencer, and Allen, senators, who read opinions, all concurred that the deed was not fraudulent in law. Jones, Chancellor, in an elaborate and able opinion, discusses the *form* of the special verdict, which instead of finding *facts*, had *found all the evidence in the case* as their special verdict; and though he evidently concurs with these senators that the deed is not fraudulent in law, and was in favor of sustaining it, yet he concludes: " I am therefore constrained to declare that I can not decide the question of law raised by the parties upon this special verdict. It is radically and substantially defective, and its defects are in my judgment, incurable in this court. The proper course in such cases appears to me, to reverse the judgment."

<div align="right">Judgment <em>reversed.</em></div>

---

☞ See to same effect, *Rogers* v. *Eagle Fire Company of N. Y.* 9 Wend. 611.